## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASSANDRA F. WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NUMBER: |
| CAREER SYSTEMS DEVELOPMENT CORPORATION | * | SECTION:" " JUDGE |
| | * | |
| | | MAG. |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

The complaint of Cassandra F. Williams, a person of the full age of majority who is domiciled in the Eastern District of Louisiana, with respect avers the following violations of his federally protected right under the Americans with Disability Act (hereinafter ADA), 42 U.S.C. §12101 et seq., the Age Discrimination in Employment Act of 1967 (hereinafter ADEA)(29 U.S.C. § 621 *et seq*.) and relative state law in the following respect:

1.

This action arises under the Americans with Disability Act, 42 U.S.C. §12101 et seq. and the Age Discrimination in Employment Act of 1967 (hereinafter ADEA)(29 U.S.C. § 621 *et seq*.), as hereinafter more fully appears.  This court has jurisdiction over the action under 42 U.S.C. §12101 et seq. and 28 U.S.C. §1331.

**2.**

The defendant in this matter is:

Career Systems Development Corporation (hereinafter CSDC) is a foreign Corporation authorized to do and doing business in the State of Louisiana, with CT Corporation System at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808 as its registered agent for service of process.

**3.**

At all times pertinent herein, Career Systems Development Corporation is aware that the plaintiff was near retiring and of her disability at the time of terminating her employment at CSDC as fully shown herein:

**4.**

The plaintiff was hired by the defendant on June 12, 1995. For seventeen years, the plaintiff worked and developed training policies of the CSDC, which were implemented and remains in place to date.

**5.**

The defendant is aware of the plaintiff's years of devoted service and her age. The defendant terminated the plaintiff and replaced her with a younger employee, who, by the terms of the defendant's requirements, was not qualified for the position.

**6.**

The decision to terminate plaintiff's employment and replace her with a unqualified employee near her retirement establishes her termination was related to

her age.

**7.**

The plaintiff, due to her age, sight began to fail.  The defendant was aware that the plaintiff had undergone two eye surgeries in order to save her eye sight.  The plaintiff has been classified as partially blind, a disability within the meaning of the America with Disability Act.

**8.**

The plaintiff is an "individual with a disability" within the meaning of the ADA and qualifies for protection under its provisions. 42 U.S.C.A. § 12112(a) (2005).

**9.**

Pursuant to ADA Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553, the plaintiff has a covered "disability," which the ADA defines in part as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2).

**10.**

Due to the plaintiff's medical condition, which disability has to do with her failing vision, her physical impairment substantially limits one or more major life activity within the meaning of the ADA Amendments Act of 2008, Pub.L. No. 110-325, 122 Stat. 3553.

**11.**

The plaintiff, however, is a "qualified individual with a disability", that is one with a "disability," who, "with or without reasonable accommodation, can [still] perform the essential functions of the employment position that [he or she] holds or desires." 42 U.S.C. § 12111(8)

**12.**

On June 16, 2010, the plaintiff filed his grievance with Ms. Heather Stefan, Head of the Louisiana Apprenticeship Committee and the Louisiana Department of Labor regarding the violations of his federally protected rights.

**13.**

On November 15, 2010, the Louisiana Department of Labor held a hearing, on the issue advanced by the defendant, on whether or not the plaintiff violated company policy, that is, misconduct connected with employment.  It was determined that the defendant violated company policy when it performed an evaluation of the plaintiff while he was out on approved medical leave.  There was no misconduct connected with the employment.

**14.**

On October 25, 2010, the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) regarding the Civil Rights violations pursuant Age Discrimination in Employment Act of 1967. On February 16, 2012, EEOC issued the

plaintiff a notice of right to sue.

WHEREFORE, petitioner prays that after due proceeding had, there be judgment in favor of the plaintiff, Cassandra F. Williams and against the defendant, Career Systems Development Corporation,

1. Award compensatory damages to the plaintiff as would fully compensate her for pain and suffering caused by the violative conduct against him as alleged in the complaint.

2. Award punitive damages to the plaintiff should acts of discriminatory conduct be established in violation of his federally protected rights under the ADEA and ADAAA to deter future violative acts of discrimination.

3. Award judicial interest from date of demand on the aggregate damage amounts.

4. Award court cost and all equitable relief deemed appropriate by this court.

        Respectfully submitted,

        /s/ Willard J. Brown, Sr..
        Willard J. Brown, Sr. #23405
        829 Baronne St.
        New Orleans, LA 70113
        (504) 581-9322

## **CERTIFICATE**

I hereby certify that on this 16th day of May, 2012, I electronically filed the foregoing Amended Complaint, with the Clerk of Court, by using the CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, postage prepaid, to counsel of record not participating in the CM/ECF system on the date cited herein.

/s/ Willard J. Brown, Sr.
Willard J. Brown, Sr.