UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSANDRA F. WILLIAMS                        CIVIL ACTION

v.                                           NO. 12-1279

CAREER SYSTEMS DEVELOPMENT                   SECTION "F"
CORPORATION

ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiff's claim for failure to state a claim upon which relief can be granted.  For the reasons that follow, the motion is GRANTED.

Background

This dispute arises from an alleged discriminatory employment termination.

Cassandra Williams began working for Career Systems Development Corporation in June 1995, where she continued to work for seventeen years.  On April 21, 2010, Career Systems discharged Ms. Williams for improper conduct.  At the time, Ms. Williams was sixty-one years old with purportedly bad eyesight. Ms. Williams contends that Career Systems had knowledge of her two previous eye surgeries.

On October 25, 2010, Ms. Williams filed a complaint with the Equal Employment Opportunity Commission, alleging age discrimination.  The EEOC issued a right-to-sue letter on February 16, 2012.  On May 16, 2012, Ms. Williams sued Career

1

Systems in this Court, alleging claims of age and disability discrimination in violation of the Age Discrimination in Employment Act, the Americans with Disabilities Act, and relative state law.

According to Federal Rule of Civil Procedure 4(m), which requires that service be made upon defendant within 120 days after the filing of the complaint, Ms. Williams had until September 13, 2012 to serve Career Systems and file into the record the return of service of process.  On August 7, 2012, the Court issued a Call Docket Order notifying plaintiff that no service of the complaint had been filed into the record, and extending the plaintiff's deadline to do so until October 18, 2012.  The Court dismissed plaintiff's lawsuit without prejudice on October 18, 2012, because plaintiff failed to timely serve Career Systems.  Later the same day, October 18, 2012, plaintiff filed a motion to reopen the case, claiming that on September 14, 2012 counsel had requested the U.S. Marshal's Office serve the defendant, and that the office had not yet received a return receipt.  This Court granted the motion to reopen the case on October 22, 2012, ordering that plaintiff must file into the record the return of service within thirty days, and plaintiff complied.

Career Systems now moves pursuant to Rule 12(b)(6) to dismiss plaintiff's complaint for failure to state a claim upon

which relief can be granted.

### I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true.  Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

3

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)(quoting <u>Iqbal</u>, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> at 678 (internal quotations omitted) (citing <u>Twombly</u>, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a

4

cause of action will not do." Twombly, 550 U.S. at 555
(alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider
documents that are essentially "part of the pleadings." That is,
any documents attached to or incorporated in the plaintiff's
complaint that are central to the plaintiff's claim for relief.
Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th
Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224
F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted
to consider matters of public record and other matters subject to
judicial notice without converting a motion to dismiss into one
for summary judgment. See United States ex rel. Willard v.
Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir.
2003).

## II. Discussion

Defendant contends that plaintiff's complaint should be
dismissed for failure to state a claim upon which relief can be
granted, because plaintiff's entire lawsuit is time barred. The
Court agrees.

Under both the ADA and ADEA, a plaintiff must file suit in
federal or state court within ninety days of receiving an EEOC
right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1) (2006)
(setting forth the ninety-day limitation period for Title VII);
42 U.S.C. § 12117(a) (2006) (incorporating by reference the

procedures applicable to Title VII for actions under the ADA); 29 U.S.C. § 626(e) (2006) (same for the ADEA). Ms. Williams received her right-to-sue letter on February 16, 2012 and, therefore, had until May 16, 2012 to file suit. Plaintiff timely met the deadline, albeit barely, and filed this lawsuit on May 16, 2012.

Under Federal Rule of Federal Procedure 4(m), once a plaintiff files suit within the mandated ninety days, she then has 120 days in which to serve the defendant. Fed. R. Civ. P. 4(m). If service is not completed within 120 days, the court may dismiss the action without prejudice. Id. Ms. Williams's lawsuit was dismissed without prejudice on October 18, 2012, after she failed to effect timely service upon Career Systems. The Court, however, granted the plaintiff's motion to reopen the case, which was filed later the same day.[1] On October 22, 2012, the Court granted plaintiff's motion to reopen, and the case was reinstated.

Career Systems acknowledges that Ms. Williams timely filed her lawsuit within the ninety-day limitation period in May 2012; however, the plaintiff's case was dismissed without prejudice on

---

[1] In the motion to reopen the case, counsel for plaintiff alleged that on September 14, 2012, he had requested that the U.S. Marshal's Office serve the defendant, and that the office had yet to receive a return receipt. See Wells v. Ali, 304 F. App'x 292 (5th Cir. 2008) ("[Plaintiff] complains of insufficient help from the U.S. Marshals, but the ultimate obligation to comply with Rule 4 lies with him, not the Marshals.")

October 18, 2012, which effectively left the defendant in the same position as if no lawsuit had ever been filed against it. See Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995); Hilburn v. Goldberg, 823 F.2d 881, 883 (5th Cir. 1987); see also Johnson v. Carrier Corp., 264 F.3d 1141 (5th Cir. 2001). Defendant contends that the lawsuit became time barred when the case was reinstated, because this occurred outside the ninety-day limitation period. Plaintiff submits that the case is not time barred because it was well within the Court's discretion to allow plaintiff an extension of time under Rule 4(m) to serve the defendant.

The Fifth Circuit has repeatedly stated that the "ninety-day limitation period is strictly construed." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (citing Ringgold v. Nat'l Maint. Corp., 796 F.2d 769, 770 (5th Cir. 1986); Espinoza v. Mo. Pac. R.R. Co., 754 F.2d 1247, 1251 (5th Cir. 1985)); see also Butler v. Orleans Parish Sch. Bd., No. 00-845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing a pro se plaintiff's complaint that was filed one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day due to family illnesses). Although plaintiff timely filed her complaint in May 2012, the Fifth Circuit has expressly held that if a "complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations

period." <u>Berry v. Cigna/RSI-Cigna</u>, 975 F.2d 1188, 1191 (5th Cir. 1992); <u>see also</u> <u>Price v. Digital Equip. Corp.</u>, 846 F.2d 1026, 1027 (5th Cir. 1988) ("[Plaintiff's] original Title VII claim was timely, but was dismissed without prejudice for want of prosecution.  That lawsuit did not toll the ninety-day period for the Title VII claim."); <u>Taylor v. Bunge Corp.</u>, 775 F.2d 617, 619 (5th Cir. 1985) (extending to antidiscrimination statutes the principle that the limitation period is not tolled by bringing an action that is later dismissed).  Therefore, the fact that Ms. Williams timely filed her complaint in May 2012 does not defeat defendant's contention that the case is now time barred.

Moreover, the fact that the case was reinstated does not save the plaintiff here.  "A reinstated complaint does not relate back to the date of the original filing for purposes of the 90 day right-to-sue limitations period." <u>Garrett v. Dall. Pub. Schs.</u>, No. 98-3016, 1999 WL 1212859, at *2 (N.D. Tex. Dec. 16, 1999) (holding that plaintiff's suit was time barred because his first lawsuit was dismissed for failure to effect timely service, which did not toll the ninety-day period, and his lawsuit was reinstated after ninety days); <u>see</u> <u>also</u> <u>Price</u>, 846 F.2d at 1027; <u>Ward v. City of Dall.</u>, No. 06-145, 2006 WL 3511247, at *2 (N.D. Tex. Dec. 6, 2006); <u>Carmichael v. Ingram Ready-Mix</u>, No. 05-999, 2006 WL 505735, at *2 (W.D. Tex. Jan. 18, 2006).  Therefore, the case is time barred by law and precedent because the reinstated

complaint occurred outside the ninety-day time period.  This
Court is bound by Fifth Circuit precedent, which mandates that
the ninety-day limitation period shall be strictly construed, a
timely-filed complaint that results in dismissal does not toll
the ninety-day period, and a reinstated complaint does not relate
back to the date of the originally filed complaint for purposes
of the ninety-day deadline.  Therefore, even construing the facts
in a light most favorable to the plaintiff, Ms. Williams fails to
state a complaint upon which relief can be granted.[2]

---

[2]    The plaintiff apparently concedes the issue that her claims
would be dismissed on the alternate grounds asserted in
defendant's motion: she failed to provide any argument as to why
her state law claims are not time barred and why she failed to
exhaust administrative remedies regarding her claim of
disability.
    In her complaint, plaintiff alleges "violations of her
federally protected rights under the American with Disabilities
Act . . . the Age Discrimination in Employment Act . . . and
*relative state law*." (emphasis added).  Louisiana's
antidiscrimination statute has a prescriptive period of one year
during which a plaintiff must file her complaint.  La. Rev. Stat.
Ann. § 23:303(D) (2012).  If a party files a charge with the EEOC
or related state agency, then the prescriptive period is
suspended for an additional six months.  See id.  Therefore, if a
plaintiff (as Ms. Williams did here) files an EEOC charge, she
has eighteen months in which to file a lawsuit.  See Mayes v.
Office Depot, Inc., 292 F. Supp. 2d 878, 888 (W.D. La. 2003)
("[T]he date 18 months prior to the filing of a complaint in
state or federal court is the earliest date on which an incident
of discrimination could be considered.").
    In her EEOC charge, Ms. Williams indicates that the latest
date of discrimination occurred on April 21, 2010.  Therefore,
because there was an administrative investigation of her charge,
Ms. Williams had a prescriptive period of eighteen months, or,
until October 21, 2011, to file a lawsuit asserting violations of
state law.  Thus, because Ms. Williams filed this lawsuit on May
16, 2012, which is well outside the prescriptive period, any
alleged state law discrimination claims are also time barred.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, January 9, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Moreover, a plaintiff must exhaust all administrative remedies before filing a lawsuit in federal court.  In plaintiff's EEOC charge, she checked only the box for age discrimination, alleging that she was discharged because she was sixty-one and replaced by a younger employee.  There is no mention of discrimination on the basis of a disability, and the disability box is not checked.  Any issues that the plaintiff did not bring before the EEOC for consideration, and were not investigated by the EEOC, cannot be considered by a district court.  See Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995). Read broadly, the EEOC charge here would simply not trigger an investigation into disability discrimination.  Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006).  There is no mention of plaintiff's medical condition or eyesight; rather, the only details provided are about plaintiff's age.  Accordingly, plaintiff's disability claim must be dismissed as unexhausted.

Although not expressly stated as a defense, plaintiff's response could be construed as requesting that the Court equitably toll the ninety-day limitation period.  The U.S. Supreme Court has described three types of cases in which equitable tolling is appropriate:  (1) the claimant received inadequate notice, (2) the motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, (3) the court has led the plaintiff to believe that she had done everything required of her, and (4) defendant's affirmative misconduct lulled the plaintiff into inaction.  See Baldwin Cnty. Welcome Ctr. v. Brown, 446 U.S. 147, 151 (1984).  None of these scenarios are present here, and the plaintiff fails to assert any other reason why the ninety-day period should be tolled.

10